UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRUSTEES OF EMPIRE STATE
CARPENTERS ANNUITY, APPRENTICESHIP,
LABOR-MANAGEMENT COOPERATION,
PENSION and WELFARE FUNDS,

        Plaintiffs,

  -against-

PENCO UNITED, LLC,

        Defendant.
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ FEB 05 2015 ★

LONG ISLAND OFFICE

**ORDER**
13-CV-4745(SJF)(AKT)

FEUERSTEIN, District Judge:

  Pending before the Court is the Report and Recommendation ("the Report") of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated January 6, 2015: (1) recommending (a) that the Clerk's Certificate of Default entered against defendant Penco United, LLC ("defendant") on November 12, 2013 be *sua sponte* vacated pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, (b) that plaintiffs' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure be granted and the June 29, 2013 Arbitration Award be confirmed, and (c) that plaintiffs be granted leave to move for an award of reasonable attorneys' fees and costs incurred in this litigation pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(g)(2); (2) advising the parties, *inter alia*, (a) that "[p]ursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, [they] shall have fourteen (14) days from service of th[e] Report * * * to file written objections[,]" (Report at 17-18), and (b) that a "[f]ailure to file objections will result in a waiver of those objections for purposes of appeal[,]" (id. at 18) (citing Thomas v. Arn, 474 U.S. 140, 155 (1985); Beverly v. Walker, 118 F.3d 900, 902 (2d Cir. 1997); and Savoie v. Merchants Bank, 84 F.3d 52, 60 (2d Cir. 1996)); and (3) directing plaintiffs' counsel "to serve a

1

copy of th[e] Report * * * upon the Defendant forthwith by overnight mail and first class mail and to file proof of such service on ECF." (Id.) Plaintiffs served copies of the Report upon defendant and defendant's counsel via overnight and first class mail on January 7, 2015. (Docket Entry ["DE"] 34). Defendant has not filed any objections to the Report, nor sought an extension of time to do so. For the reasons stated herein and in the Report, Magistrate Judge Tomlinson's Report is accepted in its entirety.

I.   Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Specifically, where, as here, a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted), his "failure to object timely to [that] report waives any further judicial review of the report." Id.; see also Caidor v. Onondago County, 517 F.3d 601, 604 (2d Cir. 2008); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993).

"Although this rule applies equally to counseled and *pro se* litigants, it is 'a nonjurisdictional waiver provision whose violation [the Court] may excuse in the interests of justice.'" King v. City of New York, Department of Corrections, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (quoting Roldan, 984 F.2d at 89); see also DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted

2

argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000); see also King, 419 F. App'x at 27 (accord).

II.     Review of Report

Although the Report provided defendant with the requisite "express warning" of the consequences of a failure to timely file objections thereto, Caidor, 517 F.3d at 603, defendant has not filed any objections to Magistrate Judge Tomlinson's Report, nor sought an extension of time to do so. Accordingly, defendant has "waive[d] any further judicial review of the findings contained in the [R]eport." Spence, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse defendant's default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, (1) the Clerk's Certificate of Default entered against defendant on November 12, 2013 is *sua sponte* vacated pursuant to Rule 55(c) of the Federal Rules of Civil Procedure; (2) plaintiffs' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and the June 29, 2013 Arbitration Award is confirmed; and (3) plaintiffs are granted leave to serve and file a motion for attorneys' fees and costs pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(g)(2), **provided** that any such motion is served upon defendant **on or before February 23, 2015**, and that the fully briefed, or unopposed, motion is filed in accordance with my individual rules **on or before March 16, 2015**, or they will be deemed to have waived their right to seek attorneys' fees and costs in this action.

III. Conclusion

For the reasons set forth herein and in the Report, Magistrate Judge Tomlinson's Report is accepted in its entirety; the Clerk's Certificate of Default entered against defendant on November 12, 2013 is *sua sponte* vacated pursuant to Rule 55(c) of the Federal Rules of Civil Procedure; plaintiffs' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and the June 29, 2013 Arbitration Award is confirmed; and plaintiffs are granted leave to serve and file a motion for attorneys' fees and costs pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(g)(2), in accordance with this Order. The Clerk of the Court shall enter judgment in favor of plaintiffs, close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon all parties as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

SO ORDERED.

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: February 5, 2015
Central Islip, New York