FILED
CLERK
4/14/2015 4:29 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP, LABOR-
MANAGEMENT COOPERATION, PENSION
and WELFARE FUNDS,

                           Plaintiffs,

        - against-                            **OPINION AND ORDER**
                                           **13-CV-4745 (SJF)(AKT)**
PENCO UNITED, LLC,

                           Defendant.
----------------------------------------------------------------X
FEUERSTEIN, J.

      Pending before the Court is plaintiffs' unopposed motion for attorney's fees and costs pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(g)(2), and Rule 54(d) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiffs' motion is granted to the extent set forth herein.

I.      Attorney's Fees

      Plaintiffs seek to recover six thousand six hundred dollars ($6,600.00) in attorney's fees based upon, *inter alia*: (a) an hourly rate of (i) two hundred fifty dollars ($250.00) for the one-tenth (.1) of an hour of work performed by Charles R. Virginia, Esq., a member of Virginia and Ambinder, LLP ("V&A"), on this case prior to March 1, 2014, and (ii) three hundred dollars ($300.00) for the two-tenths (.2) of an hour of work performed by Mr. Virginia thereafter; (b) an hourly rate of (i) two hundred dollars ($200.00) for the ten and four-tenths (10.4) hours of work performed by two (2) associates of V&A, Elina Burke, Esq., and Richard Epstein, Esq., on this

1

case prior to March 1, 2014, and (ii) two hundred twenty-five dollars ($225.00) for the seventeen and six-tenths (17.6) hours of work performed by Ms. Burke, Mr. Epstein and two (2) other associates of V&A, Jonathan Roffe, Esq., and Jesse Barton, Esq., on this case after March 1, 2014; and (c) an hourly rate of (i) ninety dollars ($90.00) for the two and a half (2.5) hours of services performed by V&A's legal assistants on this case prior to March 1, 2014, and (ii) of one hundred dollars ($100.00) for the two and a half (2.5) hours of services performed by V&A's legal assistants on this case thereafter.

Under the "American Rule" "historically applied" by courts in the United States, Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 186 (2d Cir. 2008), "parties are ordinarily required to bear their own attorney's fees * * * absent explicit statutory authority." Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res., 532 U.S. 598, 602, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001), superceded on other grounds by Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524. As relevant here, Section 502(g)(2) of ERISA provides, in relevant part, that "[i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan– * * * (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, * * *." 29 U.S.C. § 1132(g)(2). "[A]n award of attorney fees and costs is * * * mandatory under subsection (2), of section 1132(g)." New York State Teamsters Conference Pension & Ret. Fund v. Boening Bros., Inc., 92 F.3d 127, 135 (2d Cir. 1996); see also Richardson v. Laws Constr. Corp., 557 F. App'x 57, 59 (2d Cir. Feb. 13, 2014) (summary order) ("When trustees prevail in an ERISA action for unpaid contributions, 29 U.S.C. § 1132(g)(2)(D) mandates an award of 'reasonable attorney's

2

fees and costs of the action, to be paid by the defendant[.]" (quotations and citation omitted)).

"In calculating attorney's fees, the district court must first determine the 'lodestar–the product of a reasonable hourly rate and the reasonable number of hours required by the case– [which] creates a presumptively reasonable fee.'" Stanczyk v. City of New York, 752 F.3d 273, 284 (2d Cir. 2014) (brackets in original) (quoting Millea v. Metro-N. R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011)); see also Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) ("The most useful starting point for determining the amount of a reasonable [attorney's] fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."); McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 97 (2d Cir. 2006) ("In calculating attorney's fee awards, district courts use the lodestar method—hours reasonably expended multiplied by a reasonable hourly rate.")  The burden is on the fee applicant to submit evidence to support the number of hours expended and the rates claimed.  Hensley, 461 U.S. at 437, 103 S.Ct. 1933.

A. Reasonable Hourly Rate

"[A] presumptively reasonable [attorney's] fee "boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" Simmons v. New York City Transit Authority, 575 F.3d 170, 174 (2d Cir. 2009) (quoting Arbor Hill, 522 F.3d at 184); accord Bergerson v. New York State Office of Mental Health, Cent. N.Y. Psychiatric Ctr., 652 F.3d 277, 289-90 (2d Cir. 2011). Under the "forum rule" applicable in this Circuit, "courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively

3

reasonable fee." Simmons, 575 F.3d at 174 (quotations and citations omitted); accord Bergerson, 652 F.3d at 290; see also Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010) ("[T]he lodestar looks to the prevailing market rates in the relevant community." (quotations and citation omitted)). Thus, in determining a reasonable hourly rate, the court should consider the prevailing rates of lawyers with comparable skill, experience and reputation in the district in which the action was commenced and litigated. See Reiter v. MTA New York City Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006); McDonald, 450 F.3d at 96. Rates should be "current rather than historic hourly rates." Reiter, 457 F.3d at 232 (quoting Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998)).

Recent prevailing hourly rates for attorneys practicing in the Eastern District of New York are: (a) between three hundred to four hundred fifty dollars ($300.00-$450.00) for partners in large law firms and attorneys with extensive litigation experience or significant experience in the particular area of law at issue, see, e.g. Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. Sanders Constr., Inc., No. 13-cv-5102, 2015 WL 1608039, at * 4 (E.D.N.Y. Apr. 10, 2015) ("Courts have awarded rates of $200 to $400 per hour for partners in this district"); Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. CMI Casework & Millwork, Inc., No. 14-cv-2891, 2015 WL 1198652, at * 13 (E.D.N.Y. Mar. 14, 2015) ("Prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour"); Sass v. MTA Bus Co., 6 F. Supp. 3d 238, 261 (E.D.N.Y. 2014) (finding that "[r]ecent opinions issued by courts within the Eastern District of New York have found reasonable hourly rates to be approximately $300-$450 for partners * * *"

4

[quotations and citation omitted]); Hugee v. Kimso Apts., LLC, 852 F. Supp. 2d 281, 300 (E.D.N.Y. 2012) ("The highest rates in this district are reserved for expert trial attorneys with extensive experience before the federal bar, who specialize in the [area of law at issue] and are recognized by their peers as leaders and experts in their fields"); (b) between two hundred to three hundred twenty-five dollars ($200.00-$325.00) for senior associates or attorneys with more limited experience, see, e.g. Sanders Constr., 2015 WL 1608039, at * 4 (finding that an hourly rate of between two hundred dollars ($200.00) and three hundred dollars ($300.00) for senior associates was reasonable); Trustees of Local 813 Pension Trust Fund v. Highbuilt Contracting Corp., No. 14-cv-2099, 2015 WL 1529677, at * 8 (E.D.N.Y. Mar. 31, 2015) (finding an hourly rate of three hundred dollars ($300.00) to be reasonable for a sixth-year associate); Cohen v. Narragansett Bay Ins. Co., No. 14-cv-3623, 2014 WL 6673846, at * 3 n. 4 (E.D.N.Y. Nov. 24, 2014) (finding that hourly rates of two hundred dollars ($200.00) and two hundred fifty dollars ($250.00) were reasonable for attorneys who received their law degrees approximately three (3) years ago and seven (7) years ago, respectively); Sass, 6 F. Supp. 3d at 261 (finding that "[r]ecent opinions issued by courts within the Eastern District of New York have found reasonable hourly rates to be approximately * * * $200-$325 for senior associates * * *"); and (c) between one hundred to two hundred dollars ($100.00-$200.00) for junior associates or attorneys with little or no experience. See, e.g. Sanders Constr., 2015 WL 1608039, at * 4 (finding that an hourly rate of one hundred dollars ($100.00) to two hundred dollars ($200.00) is reasonable for junior associates); Highbuilt Contracting, 2015 WL 1529677, at * 8 (finding that an hourly rate of one hundred seventy-five dollars ($175.00) was reasonable for a second year associate); Sass, 6 F. Supp. 3d at 261 (finding that "[r]ecent opinions issued by courts within the Eastern District of

New York have found reasonable hourly rates to be approximately * * * $100-$200 for junior associates[,]" and that one hundred seventy-five dollars [$175.00] was a reasonable hourly rate for junior associates). "Of course, in light of the numerous factors that courts in this circuit consider to determine a reasonable hourly rate, 'the range of "reasonable" attorney fee rates in this district varies depending on the type of case, the nature of the litigation, the size of the firm, and the expertise of its attorneys.'" Sanders Constr., 2015 WL 1608039, at * 4 (quoting Siracuse v. Program for Dev. of Human Potential, No. 07-cv-2205, 2012 WL 1624291, at * 30 (E.D.N.Y. Apr. 30, 2012)); see also K.L. v. Warwick Valley Cent. Sch. Dist., 584 F. App'x 17, 19 (2d Cir. Nov. 25, 2014) (summary order) (holding that in determining a reasonable hourly rate, district courts should consider, *inter alia*, the nature and difficulty of the case and "the level of skill required to perform the legal services properly" (quotations and citation omitted)); Brown v. Green 317 Madison, LLC, No. 11 CV 4466, 2014 WL 1237448, at * 8 (E.D.N.Y. Feb. 4, 2014), report and recommendation adopted by 2014 WL 1237127 (E.D.N.Y. Mar. 25, 2014) ("[B]illing rates in this district vary widely depending on the nature and difficulty of the case and the experience of the attorneys involved.") Moreover, "the size and caliber of a firm may also be considered when determining a reasonable hourly rate * * *." Bobrow Palumbo Sales, Inc. v. Broan-Nutone LLC, 549 F. Supp. 2d 274, 280 (E.D.N.Y. 2008); see also Suggs v. Crosslands Transp., Inc., No. 13-cv-6731, 2015 WL 1443221, at * 11 (E.D.N.Y. Mar. 27, 2015) ("The small size of [the] law firm is also a factor in determining a reasonable hourly rate."); Hugee, 852 F. Supp. 2d at 299 ("The size of the firm may be considered [in determining a reasonable hourly rate], as large firms tend to charge higher hourly rates than small firms.")

6

1.  Mr. Virginia

Mr. Virginia is a member of V&A and "has regularly represented employee benefit plans in ERISA litigation for over fifteen [15] years." (Declaration of Elina Burke in Support of Plaintiffs' Motion for Attorneys' Fees and Costs ["Burke Decl."], ¶ 4). Accordingly, the hourly rates he seeks of two hundred fifty dollars ($250.00) for the one-tenth (.1) of an hour of work he performed on this case prior to March 1, 2014, and three hundred dollars ($300.00) for the two-tenths (.2) of an hour of work he performed on this case thereafter are reasonable.

2.  Mr. Virginia's Associates

Ms. Burke is an associate at V&A who graduated law school in 2011; Mr. Epstein is a former associate of V&A who graduated law school in 2010; Mr. Roffe is an associate at V&A who graduated law school in 2014; and Mr. Barton is a former associate of V&A who graduated law school in 2012. (Burke Decl., ¶¶ 3, 5-7). Although those associates of V&A, particularly Mr. Roffe and Mr. Barton, are arguably akin to junior associates with little or no experience at the time that they worked on this case, see, e.g. CMI Casework, 2015 WL 1198652, at * 12, since, *inter alia*, the hourly rates sought by V&A's associates "are consistent with V&A's customary billing arrangement with Plaintiffs, as negotiated with Plaintiffs' Board of Trustees," (id., ¶ 9), and defendant has not objected to the rates sought, or otherwise opposed the instant motion, the requested hourly rates of two hundred dollars ($200.00) for work performed by V&A's associates prior to March 1, 2013, and two hundred twenty-five dollars ($225.00) for work performed by them thereafter, are reasonable under the circumstances of this case. See, e.g. Sanders Constr., 2015 WL 1608039, at * 4 (finding that hourly rates of two hundred dollars

($200.00) to two hundred twenty-five dollars ($225.00) for V&A's associates were reasonable); Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. Gregory, No. 14-cv-2900, 2015 WL 1611307, at * 7 (E.D.N.Y. Apr. 10, 2015) (finding that the requested hourly rate of two hundred twenty-five dollars ($225.00) for Mr. Epstein was reasonable); Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. Rock-It Contracting Inc., No. 13-cv-4365, 2015 WL 1221500, at * 7 (E.D.N.Y. Mar. 9, 2015) (finding that the requested hourly rates of two hundred dollars ($200.00) to two hundred fifty dollars ($250.00) for V&A's associates were reasonable); In re Certain "Default" Motions Brought on Behalf of Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds, Nos. 13-cv-6364, 14-cv-325, 14-cv-2893, 2015 WL 968125, at *10-11 (E.D.N.Y. Feb. 27, 2015), report and recommendation adopted by Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. BCM Drilling Co., L.L.C., No. 13-cv-6364, 2015 WL 1247085 (E.D.N.Y. Mar. 18, 2015) and Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. Arbor Concrete Corp., No. 14-cv-2893, 2015 WL 1396475 (E.D.N.Y. Mar. 25, 2015) (finding that the requested hourly rates of two hundred dollars ($200.00) to two hundred twenty-five dollars ($225.00) for V&A's associates were reasonable).

   3.  Legal Assistants

Since the requested hourly rates of ninety dollars ($90.00) for services performed by V&A's legal assistants prior to March 1, 2013, and one hundred dollars ($100.00) for services

performed by the legal assistants thereafter are reasonable, see, e.g. Rock-It Contracting, 2015 WL 1221500, at * 7, plaintiffs are awarded attorney's fees at an hourly rate of ninety dollars ($90.00) for work performed by the legal assistants prior to March 1, 2013, and one hundred dollars ($100.00) for work performed by them thereafter.

      B.     Hours Reasonably Expended

"Applications for awards of fees must be documented by time records." Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009); see also McDonald, 450 F.3d at 96 ("In order to calculate the reasonable hours expended, the prevailing party's fee application must be supported by contemporaneous time records, affidavits, and other materials."); Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998) ("Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done.") "The time records submitted in support of an application for attorney's fees must be sufficiently detailed to determine the reasonableness of the hours claimed for any given task." Parrish v. Sollecito, 280 F. Supp. 2d 145, 171 (S.D.N.Y. 2003); accord Trustees of Plumbers Local Union No. 1 Welfare Fund, Additional Sec. Benefit Fund, Vacation & Holiday Fund, Trade Educ. Fund, & 401(K) Sav. Plan v. Temperini Mech., Inc., No. 12 Civ. 5646, 2014 WL 4678025, at * 1 (E.D.N.Y. Sept. 9, 2014). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley, 461 U.S. at 432, 103 S. Ct. 1933.

"[O]nly those hours 'reasonably expended' are to be awarded." McDonald, 450 F.3d at 96 (quoting Hensley, 461 U.S. at 434-35, 103 S. Ct. 1933). In determining the amount of hours

reasonably expended, the court must:

> "examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case. Efforts put into research, briefing and the preparation of a case can expand to fill the time available, and some judgment must be made in the awarding of fees as to diminishing returns from such further efforts. * * * In making this examination, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties. (Citations omitted)."

Gierlinger, 160 F.3d at 876; see also Luciano v. Olsten Corp., 109 F.3d 111, 116 (2d Cir. 1997) ("In reviewing a fee application, the district court examines the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case.")

"[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from the attorney's fee calculation. See Hensley, 461 U.S. at 434, 103 S.Ct. 1933; see also Bliven, 579 F.3d at 213; Kirsch, 148 F.3d at 173. In addition, "[c]ourts may reduce the number of hours in a fee application where the time entries submitted by counsel are too vague to sufficiently document the hours claimed." Barclays Capital Inc. v. Theflyonthewall.com, No. 06 Civ. 4908, 2010 WL 2640095, at * 4 (S.D.N.Y. June 30, 2010); see also Tucker v. City of New York, 704 F. Supp. 2d 347, 355 (S.D.N.Y. 2010) ("[F]ee applications must be accompanied by contemporaneous time records * * * which must adequately identify the general subject matter of the work that the attorney did during each time slot. * * * This requirement is generally not satisfied by vague entries such as 'conference with' or 'call to' a specified person * * *, although the court may be able to deduce the nature and relevance of a generally described time entry

based on its familiarity with the case or other contextual clues."); LV v. New York City Dep't of Educ., 700 F. Supp. 2d 510, 526 (S.D.N.Y. 2010) (holding that entries that omit information about the subject matter of the work, e.g., "meeting w/co-counsel" and "conference w/co-counsel," justify a reduction in the hours expended); Miroglio S.P.A. v. Conway Stores, Inc., 629 F. Supp. 2d 307, 313 (S.D.N.Y. 2009) (holding that entries such as "letter to [opposing counsel]," "telephone call to [opposing counsel]" and "discussion with [opposing counsel]" are "overly vague" and "[t]hus courts commonly make percentage reductions for [them].")

"Courts may also make reductions for 'block-billing,' that is, the practice of 'aggregating multiple tasks into one billing entry[,]" Barclays Capital, 2010 WL 2640095, at * 4 (quoting Adorno v. Port Auth. of N.Y. & N.J., 685 F. Supp. 2d 507, 515 (S.D.N.Y. 2010), reconsideration granted on other grounds, 2010 WL 727480 (S.D.N.Y. Mar. 2, 2010) (citation omitted)); see also Linde v. Arab Bank, PLC, 293 F.R.D. 138, 142 (E.D.N.Y. 2013) ("Where billing records include a large number of block-billed entries and there is an issue as to the reasonableness of the number of hours counsel spent on the matter, an across-the-board reduction in billing hours is appropriate"), because "block-billing makes it difficult if not impossible for a court to determine the reasonableness of the time spent on each of the individual services or tasks provided." Linde, 293 F.R.D. at 142; see also LV, 700 F. Supp. 2d at 525 (holding that since "block-billing can make it exceedingly difficult for courts to assess the reasonableness of the hours billed[,] * * * courts have found it appropriate to cut hours across the board by some percentage."); Miroglio, 629 F. Supp. 2d at 313-14 ("Block entries * * * have a tendency to obfuscate the amount of time expended on distinct tasks and introduces an element of vagueness into a fee application, making it difficult to determine if the reported hours are duplicative or unnecessary. * * * Reductions are

appropriate based on such entries as well." (quotations, alterations and citations omitted)). Nonetheless, "[w]hile 'block-billing' is disfavored and may lack the specificity required for an award of attorneys' fees, it is not prohibited as long as the court can determine the reasonableness of the work performed." Adorno, 685 F. Supp. 2d at 515.

In reducing the amount of attorney's fees, the court may exclude the excessive and unreasonable hours from its calculation by making an across-the-board reduction, or percentage cut, in the amount of hours. See McDonald, 450 F.3d at 96 ("A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application (quotations and citation omitted)); Kirsch, 148 F.3d at 173 (accord).

Many of V&A's billing entries are "block-billed" and at least two (2) of those entries, i.e., an August 23, 2013 entry by "JF" and a December 10, 2013 entry by Mr. Epstein, improperly bill full hourly rates for travel time when "courts in the Second Circuit often reduce attorneys' fees for travel time by 50 percent * * *." Mister Sprout, Inc. v. Williams Farms Produce Sales, Inc., 881 F. Supp. 2d 482, 490 (S.D.N.Y. 2012); accord LV, 700 F. Supp. 2d at 526 (S.D.N.Y. 2010); Germain v. County of Suffolk, 672 F. Supp. 2d 319, 326-27 (E.D.N.Y. 2009). Moreover, with respect to Mr. Epstein's December 10, 2013 billing entry, he billed five and eight-tenth (5.8) hours for "court appearance[;] Review case file; Travel to/from Court; Attend initial conference[,]" but the Court's docket indicates that the time spent in Court on that conference was only thirty (30) minutes. (Docket Entry ["DE"] No. 20). Thus, the bulk of that billing entry presumably constitutes travel time, for which the full hourly rate is inappropriate.

In addition, a legal assistant, "SA," billed twice for drafting a certificate of default "for attorney review," i.e., on October 31, 2013 and November 5, 2013, and another legal assistant,

"EC," billed twice for reviewing the report and recommendation in this case, i.e. on January 7, 2015 and February 6, 2015. Accordingly, the latter entries of those two (2) legal assistants are redundant.

Moreover, on November 21, 2013, Mr. Epstein "block-billed" three-tenths (.3) of an hour for two (2) telephone conferences, i.e., one with the "Court re: scheduling[]" and one with "counsel for employer," for which he failed to identify the subject matter thereof. However, there is no indication on the Court's docket that a telephone conference was ever held in this case on November 21, 2013. Rather, a telephone conference was held by the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, on November 22, 2013, for which Mr. Epstein billed three-tenths (.3) of an hour, or eighteen (18) minutes. However, the minute entries for that telephone conference indicate that it lasted only four (4) minutes. Accordingly, those billing entries are excessive.

Furthermore, some of the billing entries are overly vague, e.g., "[t]elephone conference w/ counsel for employer," "telephone conference with clerk" and "[t]eleconference with RE" without identifying the subject matter thereof; "[d]raft motion for summary judgment;" etc. See, e.g. Kirsch, 148 F.3d at 172-73 (affirming the district court's finding that billing entries, *inter alia*, merely indicating "work on motion" "are too vague to sufficiently document the hours claimed"); Chopen v. Olive Vine, Inc., No. 12-cv-2269, 2015 WL 1514390, at * 15 (E.D.N.Y. Mar. 13, 2015), report and recommendation adopted as modified by 2015 WL 1542082 (E.D.N.Y. Mar. 31, 2015) ("The Second Circuit has upheld a district court's reduction in hours in light of 'concerns regarding unspecified conferences, telephone calls, email correspondence, and reviews.'" (quoting Matusick v. Erie Cnty. Water Auth., 757 F.3d 31, 64-65 (2d Cir. 2014));

Larsen v. JBC Legal Grp., P.C., 588 F. Supp. 2d 360, 364-65 (E.D.N.Y. 2008) (reducing attorney's fees for vague billing entries merely indicating that counsel engaged in a telephone call or correspondence with another person or the Court, without detailing the subject matter of the call or correspondence); Klimbach v. Spherion Corp., 467 F. Supp. 2d 323, 332 (W.D.N.Y. 2006) (finding that entries for "work on motion for summary judgment," absent further explanation, were unacceptably vague).

In light of the deficiencies in V&A's billing entries: (a) the nine and two-tenths (9.2) hours billed by Mr. Epstein prior to March 1, 2013, including, *inter alia*, his billing for a telephone conference of which the Court has no record and approximately five (5) hours of travel time, and his over-billing for another telephone conference with the Court, and the eleven and two-tenths (11.2) hours billed by Mr. Epstein thereafter, including the impermissibly vague entries, are reduced across-the-board by thirty percent (30%), i.e., to six and four-tenths (6.4) hours and seven and eight-tenths (7.8) hours, respectively, and plaintiffs are, thus, awarded attorney's fees in the amount of three thousand thirty-five dollars ($3,035.00) for work performed by Mr. Epstein in this case[1]; (b) the four and one-tenth (4.1) hours billed by Ms. Burke after March 1, 2013 are reduced across-the-board by twenty percent (20%), i.e., to three and three-tenths (3.3) hours, and plaintiffs are, thus, awarded attorney's fees in the amount of nine hundred eighty-two dollars and fifty cents ($982.50) for the services performed by Ms. Burke on this case[2]; and (c) the five (5) hours billed by V&A's legal assistants are reduced across-the-board by

---

[1] Six and four-tenth (6.4) hours at two hundred dollars ($200.00) an hour plus seven and eight-tenth (7.8) hours at two hundred twenty-five dollars ($225.00) an hour.

[2] As there is no deficiency with respect to the one and two-tenth (1.2) hours for which Ms. Burke billed at a rate of two hundred dollars ($200.00), those hours have not been reduced.

twenty percent (20%), i.e., to four (4) hours, and plaintiffs are, thus, awarded attorney's fees in the amount of three hundred eighty dollars ($380.00)[3] for the services performed by the legal assistants on this case. As there is no deficiency with respect to the three-tenths (.3) of an hour billed by Mr. Virginia, the one-tenth (.1) of an hour billed by Mr. Barton and the two and two-tenths (2.2) hours billed by Mr. Roffe in this case, plaintiffs are awarded attorney's fees in the amount of eighty-five dollars ($85.00) for the work performed by Mr. Virginia; twenty-two dollars and fifty cents ($22.50) for the work performed by Mr. Barton; and four hundred ninety-five dollars ($495.00) for the work performed by Mr. Roffe in this case. Accordingly, plaintiffs are awarded attorney's fees in the total amount of five thousand dollars ($5,000.00).

II.  Costs

Since, *inter alia*, the amount plaintiffs seek to recover in total costs, i.e., five hundred forty-five dollars and sixty-two cents ($545.62), is reasonable, see, e.g. Gesualdi v. Blue Jay Estates Dev. Corp., No. 13-cv-6171, 2015 WL 1247079, at * 16 (E.D.N.Y. Mar. 18, 2015), and defendants have not objected to that amount or otherwise opposed plaintiffs' motion, plaintiffs are awarded costs in the total amount of five hundred forty-five dollars and sixty-two cents ($545.62).

---

Accordingly, plaintiffs are awarded two hundred forty dollars ($240.00) for the work performed by Ms. Burke prior to March 1, 2013, plus an additional seven hundred forty-two dollars and fifty cents ($742.50) for the hours she worked after March 1, 2013, reduced by twenty percent, i.e., three and three-tenth (3.3) hours, at an hourly rate of two hundred twenty-five dollars ($225.00).

[3] Two (2) hours at ninety dollars ($90.00) an hour plus two (2) hours at one hundred dollars ($100.00) an hour.

III.   Conclusion

For the reasons set forth above, plaintiffs' motion for attorney's fees and costs pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(g)(2), and Rule 54(d) of the Federal Rules of Civil Procedure is granted to the extent that plaintiffs are awarded attorney's fees in the total amount of five thousand dollars ($5,000.00) and costs in the total amount of five hundred forty-five dollars and sixty-two cents ($545.62).  The Clerk of the Court shall enter judgment accordingly.

SO ORDERED.

                                                  /s/
                                      SANDRA J. FEUERSTEIN
                                      United States District Judge

Dated:  April 14, 2015
        Central Islip, New York